CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2013 APR 26 AM 9: 20

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| LUKE CASSIDY BOLTON, <br> TDCJ No. 1613016, <br><br> Petitioner, <br><br> v. <br><br> RICK THALER, Director, Texas <br> Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § § | <br><br><br><br><br><br> CIVIL ACTION NO. <br> 7:11-CV-129-O-BL <br> ECF <br><br><br><br><br> Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Luke Cassidy Bolton, a state prisoner, has filed a petition, (Doc. 8), for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the petition should be dismissed without prejudice for failure to exhaust state court remedies.

## I. BACKGROUND

On December 3, 2009, Bolton was found guilty of both family violence and sexual assault in the 97th Judicial District Court, in Montague County, Texas. (Amended Petition, Doc. 8 at 2). The judgment was affirmed on January 26, 2011 by the Eighth District Court of Appeals in El Paso, Texas; rehearing was denied on March 30, 2011. (Doc. 8 at 3). Bolton's subsequent Petition for Discretionary Review (PDR) was denied by the Texas Court of Criminal Appeals (CCA) in July of 2011. (Doc. 8 at 3). Bolton has not petitioned the CCA for a writ of habeas corpus.

On October 6, 2011, Bolton filed the instant action. (Petition, Doc. 1). Bolton filed an amended petition on October 11, 2012. (Doc. 8). Bolton's amended petition states five grounds for relief:

1. Applicant's right to due process was violated by the State's suppression of exculpatory and material information which was within the State's possession.
2. Applicant's right under the Confrontation Clause was violated by the State's suppression of the recordings between the alleged victim and the defendant.
3. Applicant's Constitutional Rights were violated by the Montague County Sheriff's Department for false arrest, The false arrest was the result of a false police report filed by the alleged victim.
4. Applicant's Rights were violated under the denial of effective assistance of counsel.
5. The Court Erred When It Denied the Motion to Suppress of the Recorded Statement of the Applicant and Allowed it Into Evidence over the Applicant's Objection.

(Doc. 8 at 7-8).

On January 24, 2013, Director Thaler moved to dismiss Bolton's petition for failure to exhaust state court remedies. (Doc. 14). On February 4, 2013, Bolton filed a response and objection to the Director's motion. (Doc. 15).

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires exhaustion of available state remedies as a prerequisite to filing a petition for habeas corpus relief in federal court. The AEDPA provides in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

>  (3) ...
>
>  (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The exhaustion requirement is designed to protect the state's role in the enforcement of federal law and prevent the disruption of state proceedings. *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Moreover, the exhaustion of state remedies assists the federal courts by developing a factual record, allowing the application of the state's correctional expertise to the prisoner's claims, and hopefully resolving disputed issues without the necessity of federal court intervention. *See e.g., Castille v. Peoples*, 489 U.S. 346, 349 (1989); *McKart v. United States*, 395 U.S. 185, 193-95 (1969). In order to exhaust state remedies, a petitioner must fairly present all of his claims to the state's highest court. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429 (5th Cir. 1985).

Here, although Bolton filed a PDR, the grounds for relief in his PDR are not the same as the grounds for relief presented in the case at bar. Nor has he petitioned the CCA for a writ of habeas corpus. Because Bolton has not yet exhausted his state remedies, the instant petition is premature. Provided that it is not time-barred by the AEDPA, Bolton may re-file his federal habeas petition in the Wichita Falls Division after he exhausts his state remedies. *See* Texas Code of Criminal Procedure art. 11.07 *et seq.* (procedures for filing a state application for writ of habeas corpus).

Case 7:11-cv-00129-O   Document 17   Filed 04/26/13   Page 4 of 4   PageID 504

## III. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that the Director's Motion to Dismiss for Failure to Exhaust State Court Remedies, (Doc. 14) be **GRANTED**, and that the instant petition for writ of habeas corpus be **DISMISSED without prejudice** for failure to exhaust state court remedies.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

The clerk shall mail a copy of this order to Petitioner at her last known address by certified mail, return receipt requested, and to all other counsel of record by first class mail or electronically.

DATED this 26th day of April, 2013.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE